# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| VIZIO, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DESAY A&V SCIENCE AND TECHNOLOGY CO., LTD., a corporation organized under the laws of the People's Republic of China; DESAY CORPORATION, a corporation organized under the laws of the People's Republic of China, and DOES 1-10,<br><br>　　　　Defendants.<br><br>HUIZHOU DESAY A&V SCIENCE AND TECHNOLOGY CO. LTD.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>VIZIO, INC., a California corporation and DOES 1-10,<br><br>　　　　Counter-Defendant. | Case No. 8:14-CV-00874-JVS-(DFMx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. James V. Selna<br><br>[Discovery Document: Referred to Magistrate Judge Douglas F. McCormick]<br><br>Discovery Cutoff:　July 7, 2015<br>Motion Cutoff:　　August 31, 2015<br>Trial Date:　　　October 20, 2015 |

14676.5:2306800.1

PROTECTIVE ORDER

PURSUANT TO THE STIPULATION OF ALL PARTIES HERETO, IT IS HEREBY ORDERED:

1. <u>DEFINITIONS</u>

   a. <u>Party</u>: any party to this Litigation (as defined below), including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   b. <u>Litigation</u>: the case entitled VIZIO, INC. v. DESAY A & V SCIENCE AND TECHNOLOGY CO., LTD., et al., pending in the United States District Court, Central District of California, Case No. 8:14-CV-00874-JVS-(DFMx), including that certain related action bearing the same name previously pending in the Superior Court of the State of California, County of Orange, Case No. 30-2012-00599306-CU-BC-CJC that has been removed to this Court.

   c. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   d. <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that contain non-public, confidential, private, proprietary or commercially or personally sensitive information that requires the protections provided in this stipulation. Specifically, the following categories of documents shall be designated as containing "Confidential" Information:

      i. Account statements;
      ii. Transaction registers;
      iii. Invoices;
      iv. Advance Shipment Notices;
      v. Delivery Confirmations;

     vi. Delivery Notes;

     vii. Forecasts;

     viii. Receipt Confirmations;

     ix. Specifications;

     x. Purchase Orders;

     xi. Third Party License Audits;

     xii. Sales data;

     xiii. Market projections;

     xiv. Information subject to non-disclosure agreements;

  e. **"Highly Confidential – Attorneys' Eyes Only" Information or Items**: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. The following categories of documents shall be pre-designated as "Highly Confidential – Attorneys' Eyes Only:" (hereinafter "Pre-Designated AEO")

    (i) Information regarding actual or projected VIZIO's product sales, including sales data, purchase orders, invoices, account ledgers, and market projections;

    (ii) Information regarding actual or projected Defendants' product sales, including sales data, purchase orders, invoices, account ledgers, and market projections;

    (iii) Information subject to nondisclosure agreements with third parties;

  f. **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

  g. **Producing Party**: a Party or non-party that produces Disclosure or Discovery Material in the Litigation.

  h. **Designating Party**: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

i. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

j. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in the Litigation.

k. <u>House Counsel</u>: attorneys who are employees of a Party.

l. <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

m. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its Counsel to serve as an expert witness or a consultant in the Litigation and who is not a current employee of a Party.

n. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

2. <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

3. <u>DURATION</u>

Even after the termination of the Litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until all Designating Parties agree otherwise in writing or a court order otherwise directs.

4. <u>DESIGNATING PROTECTED MATERIAL</u>

1    a. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

b. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (*see e.g.*, second paragraph of section 4.b.i., below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

i. <u>for information in documentary form</u> (apart from transcripts of deposition or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of the front page that contains protected material and then list each page or describe the entire document that is to be so protected.

To the extent that documents are produced in electronic, rather than hard copy, format, the Designating Party may identify protected documents on the basis of the collection in which the material appears.

ii. <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the

testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Alternatively, when it is impractical in the judgment of the Party or non-party offering, or sponsoring the testimony or the witness to identify separately each portion of testimony that is entitled to protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

c. <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

d. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

    a. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    b. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    c. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Any such motion shall be made in compliance with Local Rules 37-1 and 37-2, in addition to any additional requirements agreed to in this Joint Stipulation for Protective Order. In the event of

any such motion, the parties are advised to review Judge McCormick's webpage on the Court's website regarding the availability of an informal telephone conference. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6. ACCESS TO AND USE OF PROTECTED MATERIAL.

a. Basic Principles. A Receiving Party shall not, directly or indirectly, use, disseminate, publish or otherwise impart Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case except (i) only as necessary for prosecuting, defending, or attempting to settle, the Litigation, and/or (ii) the Receiving Party otherwise received such Protected Material from a clearly documented source independent of the discovery proceedings in the Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order, but nothing contained in this Protective Order shall prevent or otherwise limit the Receiving Party from disclosing Protected Material to officers, directors, and employees of the Producing Party or to Experts (as defined in this Protective Order) of the Producing Party. When the Litigation has been terminated, a Receiving Party must comply with the provisions of section 9, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party

14676.5:2306800.1                                 8
                                    PROTECTIVE ORDER

at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

b. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Except as expressly set forth herein and unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

i. Outside counsel and its support staff;

ii. the officers, directors or employees of the Producing Party or to Experts (as defined in this Protective Order) of the Producing Party;

iii. the Receiving Party's Outside Counsel of record in the Litigation, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

iv. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

v. Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for the Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

vi. the Court and its personnel but if Confidential Information is presented, quoted or referenced in any hearing, trial or other proceeding, Counsel for the offering Party shall request the court to order that only court personnel, and the Parties may be present during such presentation, quotation or reference;

vii. court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    viii. during their depositions, witnesses who are not officers, directors, or employees of the Producing Party, and to whom disclosure is reasonably necessary after having signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that the Protected Material is first disclosed to Counsel for the Disclosing Party four court days in advance of the deposition, who will then be afforded the opportunity to seek a protective order, suspending the deposition if necessary, to prevent the disclosure or use of the Protected Material with the witness. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

    ix. the author or recipient of the document as disclosed on the face of the document.

  c. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    i. House Counsel for the Receiving Party and the Receiving Party's Outside Counsel of record in the Litigation, as well as employees of said House Counsel and Outside Counsel to whom it is reasonably necessary to disclose the information for the Litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    ii. Experts (as defined in this Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7d, below, have been followed;

     iii. the Court and its personnel, but if Highly Confidential Attorneys' Eyes Only Information is presented, quoted or referenced in any hearing, trial, or other proceeding, Counsel for the offering Party shall request the court to order that only Court personnel and the Parties may be present during such presentation, quotation or reference;

     iv. court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

     v. the author or recipient of the document as disclosed on the face of the document; and

     vi. the officers, directors or employees of the Producing Party or the Experts (as defined in this Protective Order) of the Producing Party.

  d. <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" Information or Items to "Experts" of the Receiving Party</u>

Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to its "Expert" (as defined in this Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" first must make return to the Designating Party a signed "Agreement to Be Bound by Protective Order" (Exhibit A) executed by the Expert.  A Party that returns the executed "Agreement to Be Bound by Protective Order" in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the executed Agreement, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

14676.5:2306800.1   11
PROTECTIVE ORDER

i. A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Designating Party may file a motion seeking permission from the court to preclude disclosure of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the identified Expert. Any such motion must describe the circumstances with specificity and, set forth in detail the reasons for which the nondisclosure to the Expert is justified. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

ii. The identification of any outside consultant pursuant to paragraph 6(d)(i) shall not subject such outside consultant to examination or discovery by an adverse party unless the Court otherwise orders for good cause shown or until the consultant is designated as an expert witness in the Litigation in accordance with the Federal Rules of Civil Procedure.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in the Litigation as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing electronically or by fax immediately and in no event

more than two court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in the Litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Litigation to disobey a lawful directive from another court. Any motion made under this paragraph shall be made in compliance with Local Rules 37-1 and 37-2, in addition to any additional requirements agreed to in this Joint Stipulation for Protective Order. In the event of any such motion, the parties are advised to review Judge McCormick's webpage on the Court's website regarding the availability of an informal telephone conference.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

FILING PROTECTED MATERIAL.  Without written permission from the Designating Party or court order, a Party may not file in the public record in the Litigation any Protected Material. If a Party obtains written permission or such a court order, a Party shall file Protected Material, if at all, in sealed envelopes marked with the title of the Litigation and bearing a statement substantially in the following form:

> CONFIDENTIAL
> FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED _____ AND ISSUED BY THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THE LITIGATION.  THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.

9.  FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of the Litigation, each Receiving Party must return all Protected Material to the Producing Party or destroy same. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party, and, if not the same person or entity, to the Designating Party by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set Forth in Section 3 (DURATION), above.

    10.    MISCELLANEOUS

        a.    *Right to Further Relief.*  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

        b.    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

        c.    <u>No Admissions</u>.  Nothing in this Protective Order shall operate as an admission by any Party that any particular Protected Material contains or reflects any type of confidential information.

        d.    <u>Further Protective Orders</u>. Nothing in this Protective Order shall prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any Protected Material.

        e.    <u>Written Waiver or Alteration</u>.  Nothing in this Protective Order shall prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular Protected Material.

DATED:  April 16, 2015        **DOUGLAS F. McCORMICK**
                                                  _____
                                                  Honorable Douglas F. McCormick
                                                  United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name] of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Central District of California in the case entitled VIZIO, INC. v. DEASY A & V SCIENCE AND TECHNOLOGY CO., LTD., et al., Case No. 8:14-CV-00874-JVS-(DFMx).  I agree to comply with and to be bound by the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name, address, and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:        _____

                            [printed name]

Signature:             _____

                            [signature]